IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DANNY HOGAN #1673107 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv336 |
| DIRECTOR, TDCJ-CID, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRTE JUDGE

Plaintiff Danny Hogan, a prisoner of the Texas Department of Criminal Justice proceeding *pro se* and *in forma pauperis*, filed this lawsuit under 28 U.S.C. § 1983 complaining of alleged violations of his constitutional rights in prison. The lawsuit was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff sues Defendant Kelly Ashton for excessive force and denial of medical care. (Dkt. #8.) Ashton moved to dismiss on the basis that Plaintiff failed to exhaust his administrative remedies prior to filing suit. (Dkt. #27.) Plaintiff has not responded to the motion, which is ripe for review. For reasons explained below, the undersigned recommends that the motion be granted.

**I.  Amended Complaint and Relevant Procedural History**

Plaintiff's original complaint in this matter was undated. (Dkt. #1.) It was postmarked July 5, 2023, and received by the Court on July 7, 2023. (*Id.* at 1, 3.) Due to deficiencies in the original pleading, the Court ordered Plaintiff to file an amended complaint, which he did on August 17, 2023. (Dkt. #8.) The Court then severed all claims and Defendants other than the Eighth Amendment claims against Ashton into a separate suit. (Dkt. #12.)

In the amended complaint, which Plaintiff dated August 7, 2023, Plaintiff checked "no" in response to the form inquiry about whether he had "exhausted all steps of the institutional grievance procedure." (Dkt. #8 at 3, 7.) He goes on to allege in pertinent part that Ashton assaulted him in the Coffield Unit on June 16, 2023. (Dkt. #8 at 5.) Specifically, he alleges that Ashton maliciously placed cuffs on him so tightly that they cut off his circulation and caused pain and injury. (*Id.*) He further alleges that Ashton attempted to wrestle with him and to push him down stairs, causing him to brace himself with his cuffed hands. (*Id.*) Ashton then denied Plaintiff's request for medical attention to his injuries. (*Id.*)

Plaintiff also submitted grievance records as supplemental exhibits to his amended complaint. (Dkt. #15.) His Step 1 grievance 2023120051 complaining about Ashton's actions was received by staff on June 20, 2023, and was returned to Plaintiff on June 30, 2023, with a response from the warden stating that the matter had been investigated and no further action was warranted. (Dkt. #15-1 at 1–2.) Plaintiff signed his Step 2 appeal of that grievance on July 6, 2023. (*Id.* at 4.) The response—that there was insufficient evidence to merit further action—was dated August 9, 2023. (*Id.*)

Plaintiff seeks a pardon, one million dollars in damages, and "proper counseling." (Dkt. #8 at 4.)

**II. Defendant's Motion to Dismiss**

Defendant Ashton moves to dismiss for failure to state a claim under Rule 12(b)(6). (Dkt. #27.) He asserts that the lawsuit must be dismissed due to Plaintiff's failure to exhaust administrative remedies prior to filing suit. In so moving, Ashton relies solely on the "no" box checked by Plaintiff on the complaint form's inquiry about exhaustion. (*Id.* at 1, 4.) He argues that

this concession establishes on the face of the complaint that Petitioner failed to exhaust his remedies before filing suit. (*Id.* at 3–4.)

**III. Legal Standards**

The Fifth Circuit has observed that motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and rarely granted." *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Such motions are generally evaluated on the pleadings alone. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986).

Nevertheless, Federal Rule of Civil Procedure 12(b)(6) permits dismissal if a plaintiff "fails to state a claim upon which relief may be granted." A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414, 2012 WL 5419531 (5th Cir. Nov. 7, 2012) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*. *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

**IV. Discussion and Analysis**

Defendant is correct that the relevant provision of the Prison Litigation Reform Act (PLRA), Title 42 U.S.C. § 1997e(a), requires prisoners to exhaust administrative remedies before filing a civil rights action. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The United States Supreme Court has held that failure to exhaust is an affirmative defense on which Defendants must bear the burden of proof. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see Abbott v. Babin*, 587 Fed. App'x 116, 118 (5th Cir. 2014) ("When defendants seek to avail themselves of the affirmative defense of failure to exhaust, they bear the burden of showing that administrative remedies were not exhausted"); *see also Morgan v. Texas Dep't of Criminal Justice McConnell Unit*, 537 F. App'x 502, 508 (5th Cir. 2013) (same); *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (noting that prison officials "must establish beyond peradventure all of the essential elements of the defense of exhaustion"). Accordingly, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216.

The United States Court of Appeals for the Fifth Circuit has held that, even under *Jones*, "a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v.*

4

*Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). The court also cautions, however, that "a district court cannot by local rule sidestep Jones by requiring prisoners to affirmatively plead exhaustion." *Id.* Accordingly, it is not clear that reliance solely on the prompt by the approved complaint form requiring Plaintiff to address exhaustion would be consistent with the holdings of either *Jones* or *Carbe*. *See Robinson v. Dallas Cnty. Jail Facility*, No. 3:19-CV-01507-C (BT), 2020 WL 7700616, at *2 (N.D. Tex. Nov. 19, 2020), *report and recommendation adopt*ed, No. 3:19-CV-1507-C-BT, 2020 WL 7698756 (N.D. Tex. Dec. 28, 2020) ("The Court should therefore deny Sheriff Brown's motion to dismiss because it cannot rely on Robinson's check-the-box answer to find that he failed to exhaust administrative remedies, and nothing else in the complaint itself clearly shows Robinson failed to exhaust administrative remedies." (Citation omitted)).

In this case, however, Plaintiff has incorporated exhibits into his pleading that do affirmatively establish that he failed to exhaust his administrative remedies prior to filing suit. Specifically, Plaintiff's exhibits establish that his relevant Step 2 grievance was not answered until August 9, 2023, after Plaintiff had already filed his original complaint in July 2023. (Dkt. #1; Dkt. #15-1 at 4.)

It is well-settled that inmates must exhaust any and all administrative remedies **before** proceeding in federal court. *See Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012) (explaining that pre-filing exhaustion is both mandatory and non-discretionary). The purpose of the prison exhaustion requirement is to "provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit." *See Bisby v. Garza*, 342 F. App'x 969, 971 (5th Cir. 2009); *see also Patterson v. Stanley*, 547 F. App'x 510, 511 (5th Cir. 2013) (explaining that the primary purpose of a grievance is to give prison officials fair opportunity to address the problem that will later form the basis of the lawsuit); *Johnson v.*

5

*Johnson*, 385 F.3d 503, 516 (5th Cir. 2004) (interpreting the exhaustion requirement in light of its purposes, which "include the goal of giving officials time and opportunity to address complaints internally.") (internal quotations and citation omitted). The Fifth Circuit has reiterated the principle that "[p]re-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

Accordingly, regardless of whether Plaintiff's original complaint is deemed filed on July 5, when it was postmarked, or July 7, when it was received by the Court,[1] it was filed weeks before the August 9 conclusion of his grievance process and was thus filed in violation of the PLRA's exhaustion requirement. The fact that Plaintiff later amended his complaint does not cure that fatal defect. *Rankin v. Pearson*, 612 F. App'x 204, 207 (5th Cir. 2015) (affirming dismissal of claims in amended complaint "because they were unexhausted at the time Rankin filed his original complaint"); *Smith v. Olsen*, 455 F. App'x 513, 515 (5th Cir. 2011) ("An amended complaint will not typically cure the failure to exhaust administrative remedies prior to initially filing suit.").

Because Plaintiff's amended complaint and exhibits incorporated therein clearly establish that he failed to exhaust his administrative remedies prior to filing suit, this case should be dismissed.

RECOMMENDATION

Accordingly, the undersigned recommends that Defendants' motion to dismiss (Dkt. #27) be **GRANTED** and that this case be dismissed without prejudice for failure to exhaust administrative remedies.

---

[1] There is some question about whether any inference from the prison mailbox rule should apply in the context of an exhaustion dispute where it would disadvantage the plaintiff. *See Fiorito v. Anderson*, No. 518CV00506JFWKES, 2021 WL 6103521, at *4 (C.D. Cal. July 30, 2021) (observing that "the Ninth Circuit has disapproved of applying the prison mailbox rule to a prisoner plaintiff's detriment in this context"). In this case, however, the distinction is immaterial because the original complaint was both submitted and received before Plaintiff's grievances were exhausted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 30th day of May, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE